In Special Term—STORER, J. presiding.

## MESSICK & Co. AND KY. TRUST Co. BANK *vs.* ROXBURY &'WILCOX.

The Court will set aside a default for answer, and allow a meritorious defence to be plead, upon payment of costs by defendant. Notice to the agent, attorney, or other appropriate officer of a banking institution, is notice to the Company.

Motion to set aside default, and for leave to answer.

By the Court. STORER, J. Both the above cases are in default for answer, and application is now made for leave to file answers by one of the defendants, alleging a meritorious defence to each suit. It is alleged in the answers, that the defendants on the 16th December 1853 were partners in business; that on that day the co-partnership was dissolved, and the interest of Wilcox, estimated at $5000, was purchased by Roxbury, who gave his ten notes for $500 each, payable at different periods. Two of these notes were transferred, it is stated, to Messick, one of the plaintiffs in the first, for certain purposes which are described in the answer. That they were transferred by Wilcox as collateral security for a debt due by him only. The principal debt for which they were assigned has already been decreed to be paid to Messick by the Court of Common Pleas in a suit against Wilcox, to which Messick is a party, and that the fund appropriated is sufficient to discharge Messick's claim. It is also alleged, that Wilcox is indebted to his co-defendant $4475, which is set up as a counter claim against the same notes.

The answer to the petition of the Kentucky Trust Co. contains the further allegations, that the note set forth in their petition was transferred to the plaintiff by Messick, to whom it was assigned by Wilcox, and that Messick was at the time of the transfer, cashier of the bank. The facts thus stated exhibit an equitable defence, and, if proved, entitle the defendant Roxbury to relief. There can be no impropriety in permitting the pleas to be filed.

Messick & Co. are charged with the knowledge of Messick at the time of the transfer; and the bank is equally charged with knowledge, as their cashier, it is presumed, received the note in the regular course of business. Notice to the agent, attorney, or other appropriate officer of a banking institution, is notice to the company. It is but just that the claims of the parties should be fully examined and adjusted, and while the Court have it in their power to grant relief, they will retain the case until a hearing can be had. Leave is granted to file answers, the defendants first paying all costs, and the plaintiffs, if they desire, having leave to file replications immediately, and set the cases for hearing at the present term.